IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CLARENCE EARL BRADLEY,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE<br><br><br><br>Case No. 1:02-CR-35 TS |

  This matter comes before the Court on Defendant's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2). Defendant asks the Court to reduce his sentence based on Amendment 706 to the United States Sentencing Guidelines ("USSG"), which reduced the base offense levels in USSG § 2D1.1 based on the quantity of cocaine base. For the reasons discussed below, the Court finds that Defendant does not qualify for a reduction in his sentence and, therefore, his Motion will be denied.

  On December 3, 2003, Defendant was sentenced to 140 months imprisonment and 60 months supervised release. Defendant was sentenced as a career offender and, thus, was sentenced pursuant to USSG § 4B1.1, not USSG § 2D1.1. "Although the Sentencing Commission lowered the offense levels in USSG § 2D1.1(c) related to crack cocaine drug

1

quantities, it did not lower the sentencing range for career offenders under USSG § 4B1.1, which is what set [Defendant's] sentencing range."[1]  Because Defendant was not sentenced based on a sentencing range that has been lowered, he has not met the eligibility requirements for a reduction of his sentence under § 3582(c)(2).  Application of Amendment 706 would not lower his applicable guideline range.

It is therefore

ORDERED that Defendant's Motion for Reduction of Sentence (Docket No. 77) is DENIED.

DATED   August 11, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[1] *United States v. Tingle*, 524 F.3d 839, 840 (8th Cir. 2008).